# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

ROSA BARBOSA, DIANNE PETTWAY,
LEWIS DOSS, MARILYN KEYS, AND
STACY MCCLENDON,                                                                      PLAINTIFFS,

VS.                                                               CIVIL ACTION NO. 4:05CV178-P-A

COLDWELL BANKER REAL ESTATE
CORP.; COLDWELL BANKER FIRST
GREENWOOD-LEFLORE REALTY,
INC.; LEFLORE PROPERTIES, INC.;
JIM PRUETT; LINDA PRUETT; BANK
OF COMMERCE; AND STATE BANK
& TRUST COMPANY,                                                                     DEFENDANTS.

## FINAL JUDGMENT

These matters come before the court upon State Bank & Trust Company's Supplemental

Motion to Compel Arbitration [42], Coldwell Banker Real Estate Corp.'s Motion to Compel

Arbitration, or in the Alternative, Motion to Stay Litigation Pending Conclusion of Arbitration

Proceedings [219], and the remaining defendants' joinders therein [220, 224]. After due

consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out

of an existing contract " shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme

Court has consistently held that "due regard must be given to the federal policy favoring arbitration,

and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt*

*Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S.

468, 476 (1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The Fifth Circuit Court of Appeals has also consistently favored arbitration. "The FAA expresses

1

a strong national policy in favoring arbitration of disputes, and all doubts should concerning arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.")

It is undisputed that all of the plaintiff's signed valid arbitration agreements with State Bank. Therefore, State Bank's motion to compel all of the plaintiffs' claims against them should be granted.

In Coldwell Banker's motion to compel and the joinders filed therein by the remaining defendants, it is maintained that because of the arbitration agreements between the plaintiffs and State Bank, the claims against the remaining defendants should also be compelled to arbitration, even though these defendants were nonsignatories, pursuant to the equitable estoppel doctrine enunciated in *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000).

The Fifth Circuit Court of Appeals in *Grigson* adopted the following Eleventh Circuit test contained in *MS Dealer Services Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.

First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.

Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527 (citing with approval *Franklin*, 177 F.3d at 947) (reformatted for clarity).

Having considered the parties' arguments, the court concludes that the very nature of the plaintiffs' RICO claims against all defendants in this matter allows either of the tests for equitable estoppel doctrine discussed in *Grigson* to apply in this case.

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000).

The plaintiffs assert that all of the defendants, the signatory and nonsignatories to the arbitration agreement between State Bank and the plaintiffs, are liable for participating in an

enterprise of racketeering activity. For example, paragraph 1 of the Amended Complaint states: "Each Defendant named above, as is set forth in the paragraphs that follow, has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq.* (RICO)." Paragraph 2 states: "In particular, each Defendant named above has participated in a pattern of 'racketeering activity' by each committing two or more violations of Federal criminal statutes, including statutes relating to mail fraud and wire fraud." Paragraph 3 states: "These Defendants each were members of a group of persons, who invested in and/or maintained an interest in, and/or participated in an 'enterprise,' which was engaged in and/or which affected interstate commerce."

Since the court concludes that all of the plaintiffs' claims against all of the defendants should be compelled to arbitration, they should be dismissed from this action without prejudice. This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id.*

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) State Bank & Trust Company's Supplemental Motion to Compel Arbitration [42] is **GRANTED**; therefore,

(2) All of the plaintiffs' claims against State Bank & Trust are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION** pursuant to the arbitration

agreements entered into between State Bank and each of the plaintiffs; and

(3) Coldwell Banker Real Estate Corp.'s Motion to Compel Arbitration, or in the Alternative, Motion to Stay Litigation Pending Conclusion of Arbitration Proceedings [219], and the remaining defendants' joinders therein [220, 224] are **GRANTED**; therefore,

(4) Pursuant to *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000), all of the plaintiffs' claims against all of the remaining defendants are likewise **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**; and

(5) This case is **CLOSED**.

**SO ORDERED** this the 21st day of September, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE